IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KHOR CHIN LIM,

      Plaintiff,      OPINION AND ORDER

v.

                22-cv-323-wmc

METCALF & ASSOCIATES, P.C.,
GOH CHOK TONG, PATRICK A.
METCALF, ISUF KOLA, and
DOES 1 THROUGH 16,[1]

      Defendants.

*Pro se* plaintiff Khor Chin Lim sued Metcalf & Associates, P.C., Patrick A. Metcalf, Isuf Kola, Goh Chok Tong, and sixteen Doe defendants in the Circuit Court of Rock County, Wisconsin. As the only defendants formally served, Metcalf & Associates, Metcalf, and Kola subsequently removed this case to federal court based on diversity jurisdiction. Before the court now are: (1) Lim's motion to remand for lack of subject matter jurisdiction (dkt. #5); (2) Lim's motion to strike defendants' response in opposition to the motion to remand (dkt. #10); and (3) Lim's motion to strike defendants' amended Exhibit A to its notice of removal and request for Rule 11 sanctions (dkt. #14). For the reasons that follow, the court will deny Lim's motions.[2]

---

[1] The court has amended the case caption to reflect the defendants listed in the caption of plaintiff's Wisconsin state court complaint. (*See* dkt. #11 at 1.)

[2] The removing defendants have filed a motion for leave to file a surreply to plaintiff's motion to remand. (Dkt. #13). The court will grant the motion and consider their responses to plaintiff's new arguments in his reply brief. *See Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011) (the court has discretion to grant parties leave to file additional pleadings and may allow a party to file a surreply for "new arguments in a reply brief").

OPINION

Lim alleges claims against Metcalf & Associates, Patrick A. Metcalf, and Isuf Kola for malpractice, breach of contract, breach of fiduciary duty, fraud, conspiracy, defamation, and intentional infliction of emotional distress arising out of their representation of Lim in his immigration proceedings.  In addition, defendant Goh Chok Tong is a resident of Singapore who Lim implausibly alleges worked in concert with the other defendants to cause Lim's detention during his removal proceedings and his subsequent loss of long-term permanent resident status.  Lim includes no specific allegations against any of the Doe defendants.

Defendants Metcalf & Associates, Metcalf, and Kola received service of the complaint on May 16, 2022. (Dkt. #1 at ¶ 3.) Twenty-four days later, on June 9, 2022, these defendants removed the case to federal court on diversity grounds under 28 U.S.C. § 1332. (*Id*. at ¶ 12.) Lim disputes that diversity jurisdiction exists and has moved to remand the case. (Dkt. #5).

I. **Plaintiff's Motions to Strike (Dkt. ##10, 14)**

To begin, the court will deny plaintiff's two motions to strike (dkt. #10 and #14). Under Federal Rule of Civil Procedure Rule 12(f), a party may move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are generally disfavored, and for good reason, since they are generally meritless and serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  Plaintiff's motions are good examples of both.

In plaintiff's first motion to strike, (dkt. #10), he argues service of the removing

defendants' Brief in Opposition to the Motion to Remand was ineffective because it was filed electronically. Specifically, plaintiff argues he must consent to this form of service in writing under Federal Rule of Civil Procedure 5(b)(2). Not only does Rule 5(b) expressly allow for several alternative methods of service, including by filing the document with the court's electronic-filing system or by mailing it to the person's last known address. But Western District of Wisconsin Local Rule 5 *requires* papers to be filed, signed, and served electronically unless the court orders otherwise. *See* Local Rules, https://www.wiwd.uscourts.gov/local-rules. Here, the removing defendants both filed their opposition brief electronically *and* mailed a paper copy to plaintiff six days later in compliance with federal and local court rules. (Dkt. #10, Exhibit LKC-B at 2).

Plaintiff's second motion to strike is worse, having tacked on an equally meritless request for sanctions under Federal Rule of Civil Procedure 11. (Dkt. #14.) The motion arises out of the defendants' initial error in attaching an incorrect state court complaint as Exhibit A to their notice of removal. Specifically, defendants mistakenly attached a nearly identical complaint plaintiff filed against them in the Circuit Court of Cook County, Illinois, rather than the Wisconsin state court complaint filed in Rock County Circuit Court. After plaintiff pointed out this error, defendants filed an amended Exhibit A correcting this error. (Dkt. #11). Shortly thereafter, plaintiff moved to strike the amended exhibit as untimely. However, the Seventh Circuit has essentially rejected just this argument by holding in *Walton v. Bayer Corporation*, 643 F.3d 994 (7th Cir. 2011), that:

> No more does a totally inconsequential defect in removal papers deprive the district court of jurisdiction over a case removed to it. *Riehl v. National Mutual Ins. Co.,* 374 F.2d 739, 742 (7th Cir. 1967); *Cook v. Randolph County,* 573 F.3d 1143,

3

>1149 50 (11th Cir. 2009); *see also* 14C Charles A. Wright et al., *Federal Practice and Procedure* § 3733, pp. 635-41 (4th ed. 2009). Remand would be a disproportionate sanction for a trivial oversight, and when judges measure out sanctions they strive for proportionality. *Roughneck Concrete Drilling & Sawing Co. v. Plumbers' Pension Fund, Local 130,* 640 F.3d 761, 767-68 (7th Cir. 2011); *Montaño v. City of Chicago,* 535 F.3d 558, 563 (7th Cir. 2008); *Smith v. Gold Dust Casino,* 526 F.3d 402, 405 (8th Cir. 2008).

*Id.* at 999. Moreover, as in *Walton*, there is no suggestion by the plaintiff that this court, the state court, he "or anyone or anything else was harmed by the delay"; regardless, "[t]he 30-day deadline is not jurisdictional, and even if it were, that wouldn't make the plaintiff's stumble fatal." *Id.* at 998 (citations omitted).

As for plaintiff's requested Rule 11 sanctions on the grounds that the amended exhibit was filed to harass plaintiff and delay proceedings, the lack of merit to his underlying motion moots the request. For plaintiff's future knowledge, however, Rule 11 also states that "[a] motion for sanctions must be made separately from any other motions" *and* even then, only after giving the offending party "21 days after service" to withdraw or appropriately correct the challenged submission. Plaintiff has obviously failed to comply with at least one of these two, basic requirements by incorporating his motion for sanctions within his second motion to strike. *See Corley v. Rosewood Care Ctr.,* 142 F.3d 1041, 1058 (7th Cir. 1998) (finding district court's failure to comply with procedural requirements of amended Rule 11 constituted an abuse of discretion, requiring sanction to be vacated). Thus, both of plaintiff's motions to strike and request for sanctions fail on their face.

**II. Plaintiff's Motion for Remand (Dkt. #5)**

Plaintiff's separate motion for remand also purports to call into question this court's

subject matter jurisdiction and raises additional claims of procedural defects in removal. A civil action brought in state court may be removed to federal court only if the federal court would have subject matter jurisdiction over this action if the case had originally been filed in federal court. 28 U.S.C. § 1441(a). The removing defendants, as the party seeking to invoke federal jurisdiction, bear the burden of demonstrating that the requirements for diversity are met. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

In their notice of removal, the removing defendants allege that this court has jurisdiction over the dispute under 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse. (Dkt. #1 at ¶ 12). For the latter to be true, there must be complete diversity, "meaning that no plaintiff may be from the same state as any defendant." *Smart*, 562 F.3d at 803 (quoting *Hart v. FedEx Ground Package Sys., Inc.*, 457 F3d 675, 676 (7th Cir. 2006)). Here, defendants' notice specifically alleges that: (1) plaintiff is a resident of Wisconsin; (2) defendant Patrick A. Metcalf is a resident of Illinois; (3) defendant Isuf Kola is a resident of Illinois; (4) defendant Metcalf & Associates is an Illinois corporation with its principal place of business in Illinois; and (5) Goh Chok Tong is a non-U.S. resident who has not been served. (Dkt. #1 at ¶ 14-19, 1-7, 1-8). Defendants also point to plaintiff's state court complaint to establish that he is claiming damages of more than $513,000. (Dkt. #11 at ¶ 53).

In response, plaintiff counters with six reasons why this case should be remanded to the state circuit court, but none are valid. *First*, plaintiff argues that the removing defendants waived their right to removal by filing a motion to dismiss in state court before

the 30-day period for removal set forth in § 1446(b) had expired. This argument does not help plaintiff because "§ 1446(b) cannot be interpreted to authorize remands on the grounds of waiver" when a party files a motion to dismiss or takes other preliminary actions in state court before timely removal. *Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989); *see also Rock Hemp Corp. v. Dunn*, 51 F. 4th 693, 700-01 (7th Cir. 2022) (*Rothner*'s holding concerning § 1446(b) remains good law).

*Second*, plaintiff argues the removing defendants have not established complete diversity. However, an individual's citizenship for diversity purposes is based upon the individual's domicile, *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002), and a corporation is a citizen of its place of incorporation and its principal place of business, 28 U.S.C. § 1332(c). Because plaintiff does not allege any facts or present any evidence that would call into question his own or any defendant's asserted citizenship, this court finds complete diversity exists between plaintiff, a citizen of Wisconsin, and the removing defendants, citizens of Illinois.

*Third*, plaintiff argues removal was ineffective because defendant Tong did not consent to removal. When a case is removed on diversity jurisdiction grounds, however, "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). "[D]efendants who have not been served need not join in a removal petition." *City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011). Plaintiff admits that Tong has not been served in the state court action (dkt. #5 at 6), and so, Tong need not consent to removal.

6

*Fourth*, plaintiff contends removal was ineffective because the Doe defendants have not joined in removal. Like Tong, the Doe defendants have not been served. Moreover, since the enactment of 28 U.S.C. § 1441(b), the presence of Doe defendants can no longer defeat federal subject matter jurisdiction and is not a basis for remand. *See* 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris*. § 3723 (Rev. 4th ed. 2008). Thus, the court must also disregard the citizenship of the unserved Doe defendants in determining whether this case is removable based on diversity jurisdiction. 28 U.S.C. 1441(b)(1); *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[N]aming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs"); *Murray v. Doe*, No. 05-C-0767, 2005 WL 8168274, at *2 (E.D. Wis. Nov. 30, 2005) ("Where diversity exists between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)."). Here, all served defendants have consented to removal of this action.

*Fifth*, plaintiff maintains the notice of removal was procedurally ineffective because, as noted above, it was not accompanied by a copy of the correct complaint served on defendants in the state court action. The removing defendants mistakenly attached a nearly identical complaint plaintiff filed in Illinois state court. While 28 U.S.C. § 1446(a) states a notice of removal should be filed together with a copy of all state court pleadings served on defendants, the failure to conform to these procedural rules is not an incurable jurisdictional defect. For reasons explained above, the Seventh Circuit's decision in *Walton* forecloses this argument. Indeed, in this case, the notice of removal contains a reference

7

to the correct Rock County Circuit Court case number, as well as a description of the elements from that complaint supporting diversity jurisdiction. (Dkt. #1 at ¶¶ 1-2, 12-23.) Accordingly, the removing defendants' omission of the correct copy of the state court complaint was at most a procedural defect, which they subsequently cured, that plainly could not deprive this court of subject matter jurisdiction. *See Walton,* 643 F.3d at 998; *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (noting amendments are permitted to cure defective petitions for removal).

*Sixth*, and finally, plaintiff contends that the amount in controversy is less than the $75,000 threshold set by 28 U.S.C. § 1332(a). A court may generally determine the amount in controversy "by merely looking at plaintiff's state court complaint, along with the record as a whole." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993) (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)). Plaintiff requests damages for: (1) loss of liberty totaling $513,000; (2) loss of income totaling $396,873.99; (3) loss of a green card totaling $679,120; and (4) special damages of $3,293.76. (Dkt. #11 at ¶ 53.) Plaintiff seems to suggest that the damages should be divided amongst his ten causes of action, but "analyzing whether the $75,000 is satisfied for each individual count is unnecessary, since '[i]t is the case, rather than the claim, to which the $75,000 minimum applies.'" *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (quoting *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004)). Plaintiff has not offered any factual or legal reason why this court should not determine the amount in controversy the same way.

The court will, therefore, deny the plaintiff's motion to remand as well.

ORDER

IT IS ORDERED that:

1) Defendants' motion for leave to file a sur reply (dkt. #13) is GRANTED.

2) Plaintiff's motion to remand (dkt. #5) is DENIED.

3) Plaintiff's motions to strike (dkt. ##10, 14) are DENIED.

Entered this 29th day of November, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge