IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KHOR CHIN LIM,

                Plaintiff,                    ORDER

v.

                                                    22-cv-323-wmc

METCALF & ASSOCIATES, P.C.,
GOH CHOK TONG, PATRICK A.
METCALF, ISUF KOLA, and
DOES 1 THROUGH 16,

                Defendants.

*Pro se* plaintiff Khor Chin Lim sued defendants in Rock County Circuit Court, alleging claims arising out of his immigration proceedings. Defendants Metcalf & Associates, Patrick Metcalf, and Isuf Kola, the only defendants formally served, removed this case to federal court. After the parties litigated Lim's motion to remand, defendants sought to renew the motion to dismiss they had filed in state court. At that point, on December 12, 2022, Lim filed notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a). (Dkt. #24.) Defendants then filed their motion to dismiss. (Dkt. #25.) On December 22, 2022, the court dismissed this case without prejudice under Rule 41(a)(2). (Dkt. #26.) That order crossed in the mail with defendants' response to plaintiff's notice of voluntarily dismissal asking the court to: (1) convert their motion to dismiss into a motion for summary judgment and (2) grant defendants' motion and dismiss Lim's complaint with prejudice. (Dkt. #27.)

The court will decline to reopen this case and convert and adjudicate defendants' motion. Defendants rely on *Wojtas v. Capital Guardian Trust Company*, 477 F.3d 924 (7th

Cir. 2007). In that case, the plaintiffs sued the custodian of their IRA in state court and the defendant removed, answered, and eventually moved for judgment on the pleadings under Rule 12(c). *Id.* at 925. The plaintiffs responded in part and then moved to voluntarily dismiss their case by court order under Rule 41(a)(2). *Id.* at 925-26. The court denied that motion and granted the motion for judgment on the pleadings. *Id.* at 926. But here, although the court dismissed this case by order under Rule 41(a)(2), Lim filed notice before defendants filed their motion to dismiss or served either an answer or a motion for summary judgment. He was therefore entitled to dismiss his case without prejudice and without a court order under Rule 41(a)(1), unlike the plaintiffs in *Wojtas*. *See* Fed. R. Civ. P. 41(a)(1) (plaintiff may dismiss an action without court order by filing notice before the opposing party services either an answer or a motion for summary judgment, and the dismissal is without prejudice unless the notice states otherwise); *see also Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) (motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) insufficient to disturb absolute right to dismiss suit voluntarily under Rule (a)(1) in absence of answer or motion for summary judgment).

ORDER

IT IS ORDERED that:

1) The court's December 22, 2022, order is AMENDED to reflect that this case is DISMISSED without prejudice under Fed. R. Civ. P. 41(a)(1).

2) Defendants' request to convert their motion to dismiss and to dismiss plaintiff's complaint with prejudice (dkt. #27) is DENIED.  This case shall remain closed.

Entered this 13th day of January, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge